## (April 9, 1964)

THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM I. HORGAN, Respondent, v. ELRICE HORGAN, Appellant.— Order, entered on June 21, 1963, unanimously affirmed, with $20 costs and disbursements to petitioner-respondent, but without prejudice to an application at this time for a modification of the order in the interests of the welfare of the children. There is no proper support for the charges of the respondent-appellant mother that the trial court had predetermined the issues or that its findings and conclusions were based on matters outside the record. However, it is clear that, as indicated by the trial court, the custody of these children should be returned to and permanently vested with the mother, with proper visitation rights to the father, when and if it appears that she is of such mental fitness and stability to properly care for them. According to statements in the briefs, the mother kept custody of the children after their week-end visit to her in late June, 1963 and, so far as it appears, they are still with her. It may be that her keeping of the children, in violation of the order of June 21, 1963, constituted a contempt of court; and this determination is without prejudice to such proceedings as may have been or may be brought to punish her therefor. But, the present and future welfare of the children is the prime factor for consideration, and, under the circumstances, this question should be determined in light of the presently existing conditions. Furthermore, the order appealed from specifically provided for a reopening of the matter on or after March 12, 1964, upon the presentation of proper proof that the mother has then attained the emotional fitness to properly care for the children. The prosecution of this appeal has been unduly delayed, apparently due to the fault of the appellant (mother), with the result that it

was not reached for argument until the time so fixed in the order for a reconsideration of the matter. It would appear that the welfare of the children urgently requires reconsideration in an appropriate proceeding in the light of the present circumstances. Concur — McNally, J. P., Stevens, Eager, Steuer and Witmer, JJ.